### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL O. LÓPEZ-CAPO** | CIVIL NO**.:** |
| *Plaintiff* | |
| v. | Re**:** FTCA-JURY TRIAL |
| **UNITED STATES OF AMERICA** | |
| *Defendant* | |

### COMPLAINT

**TO THE HONORABLE COURT**:

**COMES NOW** Plaintiff Angel O. López-Capo ("Plaintiff"), by and through his undersigned counsel, and respectfully moves this Honorable Court to amend the present complaint, as follows:

### I.    JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2675.

2. Venue is proper in this District under 28 U.S.C. § 1402(b) because Plaintiff resides in Puerto Rico. Venue would also be proper where the acts and omissions occurred (USP Lee, Virginia).

### II. PARTIES

3. Plaintiff is a natural person domiciled in San Juan, Puerto Rico.

4. Defendant UNITED STATES OF AMERICA ("United States") is sued under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, for negligent acts and omissions of employees of the Federal Bureau of Prisons ("BOP") acting within the scope of their employment.

### III. ADMINISTRATIVE EXHAUSTION AND TIMELINESS

5. On or about **May 10, 2025**, Plaintiff signed and presented a Standard Form 95 administrative claim to the BOP, assigned **TRT-MXR-2025-06430**, asserting negligent medical care and seeking **$150,000** in damages.

6. By letter dated **June 23, 2025**, the BOP issued a **final denial** of Plaintiff's claim (the "Final Denial"). Suit is filed within **six months** of the date of mailing as required by 28 U.S.C. § 2401(b).

7. The FTCA's time bar is **non-jurisdictional** and subject to **equitable tolling**. *United States v. Kwai Fun Wong*, 575 U.S. 402, 410–20 (2015). To the extent the United States contests timeliness based on accrual, Plaintiff pleads equitable tolling and/or continuing-tort principles because: (a) while incarcerated and under BOP control, Plaintiff was repeatedly assured surgery would be provided; (b) multiple BOP transfers impeded access to counsel and records; and (c) BOP's failure to provide the recommended surgery persisted for years, causing continuing and compounding injury. Plaintiff acted diligently under extraordinary circumstances.

8. In light of the First Circuit's ruling in *Meléndez Colón v. Rosado Sánchez*, the statute of limitations in the *Lopez-Capo* case is satisfied because the claim did not accrue until the plaintiff obtained the necessary knowledge that his injury resulted from a tortious act. Under Puerto Rico's substantive law, the one-year limitations period for medical malpractice is only triggered when a plaintiff possesses actual or constructive knowledge that their harm resulted from negligence rather than an expected side effect or natural progression of a condition. Similar to the plaintiff in *Meléndez*, who was permitted to prioritize rehabilitation and seek multiple medical opinions before the "clock" started, Mr. Lopez-Capo exercised due diligence by seeking ongoing treatment and eventually obtaining private surgery on May 22, 2024, after the Bureau of Prisons failed to provide recommended care for nearly five years. Because he filed his administrative claim on May 10, 2025—less than one year after his surgery revealed the extent of the damage—and initiated this suit within six months of the June 23, 2025, final denial, his claim is timely under 28 U.S.C. § 2401(b).

### IV. FACTS

8. On **September 6, 2019**, at **USP Lee** (Virginia), Plaintiff suffered a serious left-knee injury (twisting mechanism during basketball).

9. Imaging in 2019 confirmed **complete ACL tear** and **meniscal tears**.

10. On **January 2, 2020**, BOP's consulting orthopedist recommended **ACL reconstruction surgery**.

11. For nearly **4 years and 8 months**, despite repeated assurances from BOP personnel that surgery would be provided, BOP **failed to provide** the recommended surgical treatment.

12. During this period, Plaintiff experienced chronic pain, instability, and functional limitation; serial imaging documented deterioration, including **tricompartmental osteoarthrosis**.

13. After release, Plaintiff obtained and paid for surgery **privately** on **May 22, 2024** (arthroscopy with partial medial/lateral meniscectomy). BOP never provided the surgery.

14. Pathology (May 28, 2024) reported degenerative changes and fibrosis.

15. Independent Medical Examination (Oct. 24, 2024) concluded Plaintiff reached **MMI** with **8% Lower Extremity / 3% Whole Person** permanent impairment.

16. Plaintiff also suffers **Mixed Adjustment Disorder with Anxiety and Depressed Mood (F43.23)** linked to the prolonged untreated injury and chronic pain (Psychiatric Expert Report, Mar. 24, 2025).

17. Plaintiff remains limited in daily activities and work capacity, with ongoing knee pain and instability (positive Lachman/anterior drawer/pivot-shift; varus deformity).

## IV-A. DELIBERATE INDIFFERENCE LEGAL BACKGROUND (CONTEXT ONLY)

18. While Plaintiff proceeds solely under the FTCA, the Supreme Court recognizes that **deliberate indifference to serious medical needs** violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97,

104–05 (1976) (intentional denial or **delay** of medical care may constitute cruel and unusual punishment); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (official must know of and disregard an excessive risk to inmate health).

19.    These authorities underscore that BOP personnel knew of Plaintiff's **serious knee condition** and specialist recommendation for surgery and that a **years-long postponement** foreseeably risked—and did cause—worsening degeneration and prolonged pain. Although **no constitutional claim is asserted against the United States** here, the same facts that would satisfy deliberate-indifference principles also demonstrate **negligence under the law of the place** and support foreseeability of damages and equitable tolling.

*Footnote:* Plaintiff does not assert an Eighth Amendment (Bivens) claim in this action. See 28 U.S.C. § 2674; cf. *FDIC v. Meyer*, 510 U.S. 471, 477–86 (1994).

## V. COUNT I: NEGLIGENCE UNDER THE FTCA

20. At all relevant times, BOP medical staff and administrators owed Plaintiff a duty to provide **timely, appropriate, and competent medical care** consistent with the applicable standard of care for similarly situated private providers in the place of the acts/omissions.

21. BOP employees breached that duty by, inter alia, **failing to timely schedule and provide the recommended ACL reconstruction**, failing to ensure continuity of care during transfers, and **repeatedly**

**postponing** medically necessary treatment despite knowledge of Plaintiff's serious condition.

22. As a **direct and proximate result** of the United States' negligence, Plaintiff suffered progression from ligament/meniscal injury to **degenerative osteoarthrosis**, underwent more extensive surgery than originally necessary, incurred medical expenses, sustained **permanent impairment**, endured **pain and suffering**, **emotional distress**, and **loss of earning capacity**, and will continue to incur future damages.

23. Pursuant to 28 U.S.C. § 2674, the United States is liable to Plaintiff to the same extent as a private person under the law of the place where the acts/omissions occurred.

## VI. COUNT II: DAMAGES

24. Plaintiff seeks **compensatory damages** including: past and future medical expenses; pain and suffering; loss of enjoyment of life; mental anguish; loss of earnings and/or diminished earning capacity; and other out-of-pocket losses.

25. Consistent with 28 U.S.C. § 2675(b), Plaintiff's damages **do not exceed the administrative sum-certain of $150,000**, or such higher amount as may be permitted upon proof of newly discovered evidence or intervening facts not reasonably discoverable at the time of presentment.

26. Plaintiff **does not seek punitive damages or prejudgment interest** against the United States. See 28 U.S.C. § 2674.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests judgment against the United States awarding:

A. Compensatory damages in the amount of $150,000, or such other amount to be proven at trial, subject to § 2675(b).

B. Taxable costs under 28 U.S.C. § 2412(a) and other applicable law;

C. **Post-judgment interest** under 28 U.S.C. § 1961; and

D. Such other and further relief as the Court deems just and proper.

## VIII. TRIAL

This action is tried **to the Court with jury** under 28 U.S.C. § 2402.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, on this 22nd day of December 2025.

**IT IS HEREBY CERTIFIED** that on this same date the foregoing motion was filed by uploading it to the CM/ECF system, which will send automatic notices to the attorneys of record.

s/Adrian Brito Rodríguez
**ADRIAN BRITO RODRIGUEZ**
USDC/PR Bar No. 307304
Attorney for Plaintiff
1607 Ave Ponce de Leon
St. GM6 #232
San Juan, PR
Tel. (787) 568-8121
E-mail: adrian@brito.legal