IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

ÁNGEL O. LÓPEZ-CAPO,

Plaintiff,

v.

UNITED STATES OF AMERICA,
ET. AL.,

Defendants.

CIV. NO.: 25-1687 (SCC)

**OPINION AND ORDER**

Pending before the Court is Defendants the United States of America and the Bureau of Prisons (collectively, the "Defendants") request to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  *See* Docket No. 18. Specifically, Defendants contend that Plaintiff Ángel O. López-Capo's ("Plaintiff") lawsuit is time-barred, as he failed to present his administrative claim before the appropriate federal agency within the applicable statute of limitations.  *Id.* at pg. 1. Plaintiff did not oppose Defendants' motion.  For the reasons set forth below, Defendants' request is **GRANTED.**

## I.  STANDARD OF REVIEW

Rule 12(b)(6) authorizes the dismissal of a complaint

that fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6).  To avoid dismissal, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Great factual specificity is unnecessary; what is required is "only enough detail to provide a defendant with 'fair notice of what the…claim is and the grounds upon which it rests.'" *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, the complaint must contain enough facts "to 'state a claim…that is plausible on its face,'" not merely conceivable.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Throughout its analysis, the Court is obligated to "view the facts of the complaint in the light most favorable to the plaintiff[], and to resolve any ambiguities in their favor."  *Ocasio-Hernández*, 640 F.3d at 17.

## II.  ANALYSIS

As a brief overview, the Amended Complaint alleges that Plaintiff suffered a knee injury on September 6, 2019. Docket No. 13, pg. 3.  Then, on January 2, 2020, Defendants' orthopedist recommended that Plaintiff undergo ACL reconstruction surgery.  *Id.* at pg. 4.  Despite that recommendation, says Plaintiff, Defendants failed to provide the surgery for "nearly 4 years and 8 months."  *Id.*  Once

Plaintiff was released from custody, he obtained the surgery through private means on May 22, 2024, during which degenerative changes were revealed. *Id.*

Defendants argue that Plaintiff's claims are time-barred and should be dismissed under Rule 12(b)(6) because Plaintiff "failed to comply with the FTCA's two-year statute of limitations for presenting his administrative claim to the agency." Docket No. 16, pg. 8. Although Plaintiff did not contest Defendants' motion, the Amended Complaint states: "[t]o the extent [Defendants] contest[] timeliness based on accrual, Plaintiff pleads equitable tolling and/or continuing-tort principals." Docket No. 13, pg. 2. Specifically, Plaintiff asserts that his claim is timely because he filed his administrative claim less than one year after "obtaining private surgery on May 22, 2024," which revealed the extent of his harm. *Id.* at pg. 3.

Generally, "a tort claim under the FTCA accrues when a plaintiff is injured." *Morales-Melecio v. United States*, 890 F.3d 361, 368 (1st Cir. 2018). However, there are instances when the factual circumstances are such that "either the injury itself or its cause is not readily apparent." *Donahue v. United States*, 634 F.3d 615, 623 (1st Cir. 2011). In such a case, the "discovery rule" exception provides that "a claim accrues when a plaintiff knows (or is chargeable with knowledge) of

both the existence and the cause of her injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Despite not having "actual knowledge" of the injury, a plaintiff may nevertheless be charged with such knowledge where "he reasonably should have known or discovered in the exercise of due diligence" the factual basis of his claim. *Id.* at 623–24 (citing *McIntyre*, 367 F.3d at 52). This is an objective standard which contemplates "whether a reasonable person similarly situated to the plaintiff would have known the necessary facts," or reasonably could have obtained sufficient facts through the exercise of reasonable diligence." *Morales-Melecio*, 890 F.3d at 368–69 (citing *Cascone v. United States*, 370 F.3d 95, 104 (1st Cir. 2004)).

Once a claim accrues, a prospective plaintiff has two years to present it before the appropriate federal agency. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."); *see also* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury…caused by the negligent or wrongful act or omission of any employee of the Government…unless the claimant shall have first presented the claim to the appropriate Federal agency."). A plaintiff's failure to do so

means that he is barred from bringing the claim in federal court.  *See* 28 U.S.C. § 2401(b); *see also* 28 U.S.C. § 2675(a).

Under the general rule for claim accrual, the clock began ticking for Plaintiff's claim on January 2, 2020, the date when he became aware of his need for surgery, Defendants' obligation to schedule the surgery, and the risks involved in delay.  Docket No. 13, pg. 4.  Even assuming, *arguendo*, that Plaintiff delayed the filing of his administrative claim based on a genuinely held belief that Defendants would provide the surgery, the Court cannot conclude that a "reasonable person similarly situated" would continue to believe the same upwards of four years after the injury occurred.  *Morales-Melecio*, 890 F.3d at 368–69.  Moreover, Plaintiff's claim that the clock did not begin to run until the full extent of harm was revealed by the private surgery likewise fails, as "a plaintiff need not know the full extent of the injury…in order for the statute of limitations to begin to run."  *Id.* at 369 (citing *González v. United States*, 284 F.3d 281, 289 (1st Cir. 2002)).  In sum, Plaintiff was obligated to present his administrative claim by January 2, 2022—two years after he was armed with knowledge of the existence and cause of his injury.  *Morales-Melecio*, 890 F.3d at 368.  Having failed to do so until May 10, 2025, *see* Docket No. 13, pg. 2, the Court concludes that Plaintiff's claim is time-barred.  28 U.S.C. § 2401(b) ("A tort

claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."). Thus, dismissal under Rule 12(b)(6) is appropriate.

### III. CONCLUSION

In view of the above, Defendants' Motion to Dismiss is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**. Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of July 2026.


S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE